**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IDAHO POWER COMPANY; IDACORP
ENERGY SERVICES COMPANY,
*Petitioners*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*,

EL PASO MARKETING COMPANY,
LLC, FKA El Paso Marketing, LP,
FKA El Paso Merchant Energy, LP;
EXELON GENERATION COMPANY,
LLC, as successor to Constellation
Energy Commodities Group, Inc.;
KAMALA D. HARRIS, Attorney
General; TALEN ENERGY
MARKETING, LLC; TALEN
MONTANA, LLC; PEOPLE OF THE
STATE OF CALIFORNIA; PUBLIC
UTILITIES COMMISSION OF THE
STATE OF CALIFORNIA; SOUTHERN
CALIFORNIA EDISON COMPANY,
*Respondents-Intervenors*.

No. 13-72220

FERC Nos.
EL01-10-096
13-1002

IDAHO POWER COMPANY; IDACORP
ENERGY SERVICES COMPANY,
                    *Petitioners*,

              v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent*,

TALEN ENERGY MARKETING, LLC;
TALEN MONTANA, LLC,
          *Respondents-Intervenors*.

No. 14-72384

FERC No.
EL01-10-129

OPINION

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

Argued and Submitted
June 16, 2015—San Francisco, California

Filed September 4, 2015

Before: Sidney R. Thomas, Chief Judge and M. Margaret
McKeown and Richard R. Clifton, Circuit Judges.

Opinion by Judge McKeown

# SUMMARY[*]

## Federal Energy Regulatory Commission

The panel granted two petitions for review concerning proposed settlements submitted to the Federal Energy Regulatory Commission ("FERC") by Idaho Power Company, related to electricity sales in the Pacific Northwest in 2000 and 2001, and remanded for further proceedings.

The panel held that FERC departed from its rules and precedent without explanation when it treated the first proposed settlement as uncontested. Because the settlements and petitions were inextricably intertwined, the panel granted both petitions. The panel directed FERC to reconsider its decision on the petitions and issue a decision within sixty days of the issuance of this court's mandate.

# COUNSEL

Lawrence G. Acker (argued), Howard E. Shapiro, and Thomas G. Hutton, Van Ness Feldman, LLP, Washington, D.C.; Rex Blackburn and Brian R. Buckham, Idaho Power Company, Boise, Idaho, for Petitioners.

David L. Morenoff, General Counsel, Robert H. Solomon, Solicitor, Lona T. Perry and Susanna Y. Chu (argued), Deputy Solicitors, Washington, D.C., for Respondent Federal Energy Regulatory Commission.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

McKEOWN, Circuit Judge:

These petitions call to mind the classic lyric: "You can check out any time you like, but you can never leave."[1]  Idaho Power Company and its subsidiary, IDACORP, Inc., (collectively, IDACORP), in an effort to conclude their role in the now-epic Federal Energy Regulatory Commission ("FERC") proceeding related to electricity sales in the Pacific Northwest in 2000 and 2001, submitted proposed settlements to FERC with the expectation that the companies would be able to wash their hands of the proceeding for good.

We consider whether FERC abused its discretion in considering these proposed settlements and conclude that the agency departed from its rules and precedent without explanation when it treated the first proposed settlement as uncontested.  Because the settlements and petitions are inextricably intertwined, we grant both petitions and remand for further proceedings.  The irony of prolonging the proceedings further is not lost on us, so in line with FERC's representation at argument that reconsideration would not take long, we order FERC to issue its decision within sixty days of the issuance of the mandate here.

## BACKGROUND

We recounted the now-familiar backdrop of this litigation in *Port of Seattle v. FERC*, 499 F.3d 1016 (9th Cir. 2007), *cert. denied sub nom. Puget Sound Energy, Inc. v. California*, 558 U.S. 1136 (2010).  We reviewed several challenges to

---

[1] Eagles, Hotel California (Asylum 1976).

FERC's decision to deny refunds to wholesale buyers of electricity that purchased energy in the short-term supply market in the Pacific Northwest at unusually high prices. That petition for review resulted in a remand for further proceedings.

Few details of our remand in *Port of Seattle* are relevant to these particular petitions for review, which arise from settlement proceedings before FERC that followed the remand.  Suffice it to say, we credited some of the petitioners' challenges to FERC's structuring of the refund proceedings and remanded, noting that FERC may in the future "find it necessary to call for additional fact-finding" if the record is insufficient to inform a reasoned decision. *Id.* at 1035–36.

On remand, FERC planned evidentiary hearings on violations that may warrant refunds. *See Puget Sound Energy, Inc. v. All Jurisdictional Sellers of Energy*, 137 FERC ¶ 61,001 (Oct. 3, 2011).  FERC held the refund proceedings in abeyance, however, to allow for settlement and appointed a settlement judge under Commission Rule 603, 18 C.F.R. § 385.603 (2011).  137 FERC ¶ 61,001, at paras. 30–31.  A schedule was set for refund claims to be presented as a part of settlement procedures.

These petitions concern FERC's handling of two proposed settlements in relation to refund claims filed against IDACORP by the cities of Tacoma and Seattle, Washington.

The first settlement at issue here was between IDACORP and Tacoma.  The proposed settlement would have resolved Tacoma's claims against IDACORP, reserved Seattle's claims for later disposition, and released claims between

IDACORP and all other parties—thus ending IDACORP's participation in the FERC proceedings once the Seattle claim was resolved.

Powerex Corporation, PPL Montana, LLC, and PPL EnergyPlus, LLC (the latter two collectively referred to as the PPL entities)—all respondents in the FERC proceeding—filed comments contesting part of the proposed Tacoma settlement. *See* 18 C.F.R. § 385.602(f). They contended that the provisions releasing all other parties' claims interfered with the preservation of potential "ripple claims," which FERC defined as "sequential claims against a succession of sellers in a chain of purchases that are triggered if the last wholesale purchaser in the chain is entitled to a refund," thus "rippling" through the market. 96 FERC ¶ 63,044, 65,300 (Sept. 24, 2001).

Despite these objections, the settlement judge certified the proposed Tacoma settlement to the Commission as uncontested. 139 FERC ¶ 63,004, at paras. 2, 34 (April 24, 2012). FERC then approved the portions of the settlement regarding Tacoma and Seattle's claims, but rejected the provisions that purported to release all other claims. 139 FERC ¶ 61,209 (June 13, 2012). FERC explained that "[w]hile the potential for ripple claims is speculative" because FERC had precluded market-wide remedies in the proceedings, the proposed settlement could not "be used to extinguish potential claims of others" without conflicting with FERC's policy against settlements that impair the rights of non-parties. *Id.* at para. 7. FERC directed IDACORP to modify the proposed settlement to remove the disputed language. *Id.*

IDACORP filed the requested modification and requested rehearing. FERC accepted the modification, which excluded all parties other than Tacoma from the release provisions, and denied rehearing. 141 FERC ¶ 61,148 (Nov. 20, 2012). IDACORP petitioned for review.

While that petition was pending, IDACORP submitted the second proposed settlement at issue here—this one with Powerex. Under the proposed Powerex settlement, Powerex would withdraw its objections to the original proposed Tacoma settlement and agree not to pursue any claims against IDACORP. This settlement would also exempt the PPL entities from the release provisions that they had disputed in the proposed Tacoma settlement. According to IDACORP, the proposed Powerex settlement "was structured procedurally and substantively to remove the objections FERC expressed regarding the [original proposed Tacoma settlement]."

No objections were filed to the proposed Powerex settlement. 145 FERC ¶ 63,018, at paras. 27–29 (Dec. 20, 2013). FERC, however, rejected its release provisions and required a modification similar to the one it imposed on the Tacoma settlement.[2] 146 FERC ¶ 61,123 (Feb. 21, 2014). IDACORP complied to FERC's satisfaction, and FERC denied rehearing. 147 FERC ¶ 61,223 (June 17, 2014). IDACORP again petitioned for review.

---

[2] IDACORP contends that had FERC instead approved the settlement, its petition in No. 13-72220 would have been moot.

## ANALYSIS

We review FERC decisions to determine whether they are "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with law." *Cal. Dep't of Water Res. v. FERC*, 341 F.3d 906, 910 (9th Cir. 2003). While our review of FERC's interpretation of its own regulations is quite deferential, *see Pac. Gas & Elec. Co. v. FERC*, 746 F.2d 1383, 1386 (9th Cir. 1984), an agency "may not depart, sub silentio, from its usual rules of decision to reach a different, unexplained result in a single case," *Cal. Trout v. FERC*, 572 F.3d 1003, 1023 (9th Cir. 2009) (internal quotation marks and citation omitted).

The decisions challenged here involve FERC's authority to informally settle ratemaking proceedings. *See United Mun. Distribs. Grp. v. FERC*, 732 F.2d 202, 207 n.7 (D.C. Cir. 1984); 18 C.F.R. § 385.602.

Under FERC's rules, when a proposed settlement is uncontested, FERC can approve it if the settlement appears to be "fair and reasonable and in the public interest." 18 C.F.R. § 385.602(g)(3). As FERC acknowledges, this rule permits the agency to approve an uncontested settlement without determining whether it is "just and reasonable." *See Mobil Oil Corp. v. Fed. Power Comm'n*, 417 U.S. 283, 314 (1974).

Contested settlements are different. FERC regulations set forth procedures for settlements that are "contested in whole or in part" and allow for severance of contested issues. 18 C.F.R. § 385.602(h). Under the framework established in *Trailblazer Pipeline Co.*, 85 FERC ¶ 61,345 (Dec. 16, 1998), when a proposed settlement is contested, FERC may decide the merits of the contested issues if substantial evidence

supports a reasoned decision or if FERC "determines there is no genuine issue of material fact." 18 C.F.R. § 385.602(h)(1)(i).

Beginning chronologically, we are perplexed why FERC treated the proposed Tacoma settlement as uncontested. A litany of references in the record underscore that it was contested. For example, Powerex—one of the objectors—headlined its argument, "The Settlement is Partially Contested and May Not Be Approved Without Modification or Severance of the Contested Issue under the Commission's *Trailblazer* Precedent," and explained that it "opposes certain portions" of the proposed settlement. The PPL entities, in turn, filed "comments in opposition to certain provisions" of the proposed settlement and concluded by stating that FERC "should not approve" it "unless the terms . . . affecting non-parties' rights are stricken." Reflecting that it too understood the settlement to be contested, IDACORP acknowledged in its reply comments that *Trailblazer* would apply.

FERC acknowledged in its June 13, 2012 Letter Order that the proposed settlement contained "disputed language." 139 FERC ¶ 61,209, at para. 7. Despite this reference, FERC did not conduct the *Trailblazer* analysis. Nor did it refer to its own regulations or otherwise resolve "that the record contains substantial evidence from which the Commission may reach a reasoned decision on the merits of the contested issues." 18 C.F.R. § 385.602(h)(2). FERC instead called the settlement uncontested but still mandated its modification to address the issues that Powerex and the PPL entities had disputed, apparently, as the agency explained later, to avoid "foreclos[ing] even remotely possible third party claims." 141 FERC ¶ 61,148, at para. 9.

We hold that FERC abused its discretion by foregoing the *Trailblazer* analysis and merits analysis dictated by FERC's regulations. The proposed settlement was at least in part contested. Even affording FERC substantial latitude in interpreting and applying its own regulations, FERC's recognition of disputed issues coupled with its lack of explanation for proceeding how it did makes it impossible for us to assess FERC's reasons for departing from its own rules and precedent.

FERC's lone, unexplained citation to *San Diego Gas & Elec. Co. v. Sellers of Energy and Ancillary Servs.*, 113 FERC ¶ 61,171, at para. 40 (Nov. 15, 2005), in which FERC noted one possible way that opposition to a settlement would not create a genuine material issue of fact (so it could permissibly be considered uncontested), does not explain why FERC could dispose of this proposed settlement as uncontested. Nor does the reference point to any basis in favor of the settlement modification demanded by FERC. The lonely footnote is thus insufficient to support a departure from the agency's established rules and precedent. *See Cal. Trout*, 572 F.3d at 1023; *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 687–88 (9th Cir. 2007) ("[I]f an agency glosses over or swerves from prior precedents without discussion it may cross the line from the tolerably terse to the intolerably mute." (internal quotation mark and citation omitted)). We therefore grant the petition with regard to the proposed Tacoma settlement and remand to FERC for the agency to either consider the proposed Tacoma settlement under the proper standards or provide an explanation for why a different approach is appropriate in this case.

This brings us to the second settlement at issue here. Given the interdependency of these petitions for review, this

settlement warrants just a few words.  IDACORP would simply have had no reason to propose the settlement with Powerex had the parties been satisfied with FERC's treatment of the contested provisions of the initial proposed Tacoma settlement.  In light of our decision to remand with regard to the proposed Tacoma settlement, we also grant the petition with regard to the proposed Powerex settlement and remand for reconsideration together with the Tacoma settlement.

## CONCLUSION

The petitions in Nos. 13-72220 and 14-72384 are **GRANTED**; we remand to FERC for consideration of the proposed settlements in accordance with this decision, including the directive for FERC to reconsider its decision on the petitions and issue a decision within sixty days of the issuance of this court's mandate.